FILED
99 AUG 25 AM 9: 32
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| ANITA CROMEANS, ) | |
| as dependent widow of ) | |
| WILLIAM E. CROMEANS, deceased ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 99-P-1547-J |
| ) | |
| MACK TRUCKS, INC., ) | |
| REXWORKS, INC., ) | |
| TOWN OF BEAR CREEK, ) | |
| Defendants. ) | |

ENTERED
AUG 25 1999

## OPINION

Before this Court are motions filed by the Plaintiff and Defendants in this case, including the following: (1) Motion by Defendant Town of Bear Creek to dismiss all claims against it; (2) Motion by Plaintiff Anita Cromeans to remand this action to the Alabama Circuit Court for Marion County; and (3) a Motion by Defendants Mack Trucks, Inc. ("Mack Trucks") and Rexworks, Inc. ("Rexworks") for leave to amend their notice of removal.

For the reasons expressed below, the motion to dismiss Defendant Town of Bear Creek is due to be granted. Furthermore, Plaintiff's motion to remand is due to be denied, with leave of court for Defendants Mack Trucks and Rexworks to amend their notice of removal.

## FACTS

Plaintiff, an Alabama resident, filed this action on May 13, 1999 in the Circuit Court for Marion County, Alabama. The complaint alleges claims of products liability, failure to warn, and negligence/wantonness with respect to an automobile accident that occurred on May 13, 1997, in which the Plaintiff's decedent was killed. Plaintiff's complaint raises claims against the following: Mack Trucks, Inc., a Pennsylvania corporation with its principal place of business in Pennsylvania; Rexworks, Inc., a Wisconsin corporation with its principal place of business in Wisconsin; and the Town of Bear Creek, an Alabama municipality  Among other things, Plaintiff alleges that Defendant Town of Bear Creek breached duties which it owed the Plaintiff with respect to the maintenance, supervision, care, custody, and control of the roadway on which Mr. Cromeans was traveling at the time of the accident. On November 24, 1997, Plaintiff filed a statement of claim against the Town of Bear Creek pursuant to § 11-47-23, Code of Alabama, 1975.[1]

---

[1] § 11-47-23 provides as follows. All claims against the municipality (except bonds and interest coupons and claims for damages) shall be presented to the clerk for payment within two years from the accrual of said claim or shall be barred.  Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred.

14

On June 15, 1999, Defendants Mack Trucks and Rexworks filed a notice of removal, alleging that federal diversity jurisdiction exists in this case because Defendant Town of Bear Creek was fraudulently or improperly joined as a defendant at the outset of the case. On July 8, 1999, Defendant Town of Bear Creek filed a motion to dismiss, alleging that Plaintiff's complaint fails to state a claim upon which relief can be granted pursuant to § 11-47-23, Code of Alabama, 1975. On July 13, 1999, Plaintiff filed a motion to remand, alleging various defects in the removal procedure, including the fact that a summons was not contained in the notice of removal, that all defendants did not join in the removal, and that Plaintiff was not given prompt notice of removal. Along with its response to Plaintiff's motion to remand, Defendants Mack Trucks and Rexworks filed a motion for leave to amend their notice of removal so as to include a copy of the original summons in this case.

## DISCUSSION

### A. Removal Procedures Generally

In accordance with 28 U.S.C. § 1441(a), an action commenced in state court that falls within the original jurisdiction of the federal district courts may be removed to federal court. However, under § 1441(b), a case is removable only if none of the defendants is a citizen of the state in which the action was brought. Nevertheless, citizenship of "fraudulently joined" defendants will be disregarded in determining whether this requirement is met and whether complete diversity exists. See B, Inc. v. Miller Brewing Co., 663 F 2d 545 (5th Cir. 1981). The present case was properly removed because Defendant Town of Bear Creek was improperly joined, thereby making all proper defendants non-residents of the state of Alabama.

In a removal case alleging fraudulent joinder, the removing party has the burden of proving that either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) that the plaintiff has fraudulently pled jurisdictional facts to get the resident defendant into state court. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997). Undoubtedly, the standard for determining whether a case should be remanded is a high one, and a case involving an allegation of fraudulent joinder as a basis for removal should be remanded if there is any possibility that a state court would find that the complaint states a cause of action against a resident defendant. Id. As Defendants Mack Trucks and Rexworks have demonstrated in the present case, remand is improper because there is no possibility that plaintiff can establish a cause of action against the Town of Bear Creek. The Plaintiff in this case did not comply with the requirements of § 11-47-23, Code of Alabama, 1975, a failure which constitutes a fatal defect to its tort claim against the Town of Bear Creek. § 11-47-23 provides that all claims against a municipality for damages growing out of torts shall be presented to the clerk for payment within six months from the accrual of the claim. Admittedly, Plaintiff's claim in the present case accrued on May 13, 1997, the date of the accident. Nevertheless, Plaintiff did not present its statement of claim to the municipality until November 25, 1997, over six months after the accrual of her claim. As such, the Plaintiff's claim was time-barred, giving her no possibility that the Marion County Circuit Court would find that her claim states a cause of action against the Town of Bear Creek. See Crowe v. Coleman, 113 F 3d at 1538.

B. Defendant Town of Bear Creek's Motion to Dismiss

Considering the fact that removal was proper and Plaintiff's claim against the Town of Bear Creek is time barred, dismissal of the Town of Bear Creek is appropriate at this time. Plaintiff has failed to state a claim against the Town of Bear Creek upon which relief can be granted, and all such claims are due to be dismissed under Rule 12(b)(6), Fed. R. Civ. P.

C  Plaintiff's Motion to Remand and Defendants' Motion for Leave to Amend

While Plaintiff correctly notes that it is well established that a notice of removal must generally be signed or joined in by all defendants, those defendants who are joining in the removal may satisfy this requirement by providing a valid explanation concerning the absence of certain co-defendants. See Alexander v. Goldome Credit Corporation, 772 F. Supp. 1217, 1221 (M.D. Ala. 1991)(citing 14A C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 373, at 505-07 (2d ed. 1985)). In the present case, Mack Trucks and Rexworks, the only two properly joined defendants, jointly signed and filed the Notice of Removal within the thirty-day time period allowed for removal of actions from state court  The fact that the Town of Bear Creek was not a proper defendant from the onset of the litigation is a valid explanation for the failure by Defendants Mack Trucks and Rexworks to seek joinder of the Town of Bear Creek in the removal of this action. Other courts have previously held that application of the requirement that all defendants consent to removal would be nonsensical in cases involving alleged improper or fraudulent joinder of parties. See, e.g., Jernigan v. Ashland Oil, Inc. ,989 F.2d 812, 815 (5th Cir. 1993). Therefore, Plaintiff's motion to remand on grounds that all defendants did not join in the signing of the notice of removal is due to be denied.

Similarly, Plaintiff's other claims concerning procedural defects with respect to the removal procedure are also not fatal to Defendants' removal of this case to federal court. First, Plaintiff claims that remand is proper because a copy of the summons was not contained in the notice of removal, a fact which Defendants Mack Trucks and Rexworks dispute  Yet, even taking Plaintiff's allegation as true, failure to include a summons is a technical defect of the smallest variety which is in no way prejudicial to the Plaintiff in this case. Similarly, Plaintiff's claim that remand is proper because she was not given prompt written notice of the removal is also non-prejudicial to the Plaintiff, who received the removal documents within nine days of the filing of the notice of removal.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is hereby denied. Defendants Mack Trucks and Rexworks are granted  leave to amend the notice of removal. Furthermore, Defendant Town of Bear Creek's motion to dismiss is granted.

Dated: _August 24_, 1999

_____
Chief Judge Sam C Pointer, Jr.

Service List·
    Mr. James C. King
    Mr. Robert O. Bryan
    Mr. Robert E. Cooper
    Mr. T Kent Garrett